# EXHIBIT A

STATE OF MICHIGAN
WAYNE COUNTY CIRCUIT COURT

BIANKA NEAL as next of friend of DEMARIE M. CHAPMAN, a minor, and CARL HARRIS,
    Plaintiffs,

                                           Case    NO
                                           Hon.

v.


CITY OF HIGHLAND PARK,
SERGEANT SMITH (Badge No. 553),
OFFICER RICHARDSON (Badge No. 781), and
OFFICER OCHA (Badge No. 420), in their individual and official capacities,
    Defendants.
_____/

W. Otis Culpepper (P23520)
Attorney for Plaintiff
615 Griswold Street, Suite 1325
Detroit, MI 48226
(313) 963-5310
culpepper.kinneylaw@gmail.com
_____/

There are no other pending or resolved civil actions arising out
of the transaction or occurrence alleged in the complaint
/s/ W. Otis Culpepper

**COMPLAINT**

NOW COMES THE PLAINTIFFS, by and through their lawyer, and in their complaint against the Defendants states the following:

1. That this is a civil rights action brought under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Michigan law, seeking damages for unlawful stop, seizure, arrest, excessive force, and denial of due process by Highland Park Police Department officers on July 8, 2025.
2. That jurisdiction is proper pursuant to MCL 600.605 and MCL 600.6419, as this is a civil action alleging violations of state law and the Michigan Constitution, with damages exceeding $25,000.
3. That venue is proper in Wayne County under MCL 600.1621 because the events giving rise to this action occurred in Highland Park, Wayne County, Michigan.
4. That Plaintiff Demarie M. Chapman is a minor and a resident of Wayne County, Michigan, proceeding herein through his parent BIANKA NEAL.
5. That Plaintiff Carl Harris is an adult resident of Wayne County, Michigan.
6. That Defendant City of Highland Park is a municipal corporation organized under Michigan law, responsible for the policies, practices, and customs of the Highland Park Police Department.
7. That Defendants Sergeant Smith, Officer Richardson, and Officer Ocha were, at all times relevant, employees of the Highland Park Police Department acting under color of law and within the scope of their employment.

8. That on July 8, 2025, Plaintiffs Chapman and Harris were lawfully walking on Second Avenue, south of Manchester Parkway, when Defendant Sergeant Smith drove her police vehicle onto the sidewalk, cutting off their path of travel.

9. That Sergeant Smith exited her vehicle, drew her weapon, and pointed it at both Plaintiffs.

10. That Defendants Richardson and Ocha arrived shortly thereafter and participated in the stop.

11. That Plaintiffs complied with police commands, provided their names and dates of birth, and inquired about the reason for the stop.

12. That the Plaintiffs were told by the Defendants that they were stopped because they were "walking with a purpose."

13. That the Plaintiffs were then handcuffed, transported in separate squad cars to an apartment complex, detained, and later transported to the Highland Park Police Department.

14. That Plaintiffs were denied access to a telephone, were not advised of their Miranda rights, and were subjected to custodial interrogation and processing.

15. That Defendants lacked probable cause or reasonable suspicion for the stop, seizure, detention, or arrest.

16. That as a direct and proximate result, Plaintiffs suffered humiliation, emotional distress, fear, loss of liberty, and violation of constitutional rights.

17. That Defendants have a policy, practice and pattern of stopping and arresting young black Highland Park residents without probable cause or information that the detainees were involved in the commission of a crime.
18. That the Defendants actions were carried out as a part of the customs, policies and practices of the Defendant, CITY OF HIGHLAND PARK police department, which included a failure to train, supervise, discipline or properly instructs its officers in the federal and state laws regarding, and not limited to the warrantless search and interrogation of minors.
19. That liability is imposed upon the Defendant, CITY OF HIGHLAND PARK due to the flawed and in some respects as plead in this complaint absent policies, practices and procedures that were carried out by the Defendants resulting in unconstitutional deprivations and damages to the Plaintiffs; and as such the Defendant, CITY OF HIGHLAND PARK cannot invoke immunity under the law.
20. That the Plaintiffs have a guaranteed right to be free from warrantless searches without probable cause.
21. That while detained at the Highland Park Police Department, Plaintiffs were subjected to custodial interrogation without ever being advised of their rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).
22. That Defendants asked Plaintiffs questions designed to elicit incriminating information regarding their presence in the neighborhood and possible alleged criminal activity.

23. That because Plaintiffs were handcuffed, transported in police vehicles, placed into custody at the station, and denied access to a telephone or counsel, the questioning constituted a custodial interrogation within the meaning of *Miranda*.

24. That Defendants' failure to administer Miranda warnings violated Plaintiffs' constitutional rights and deprived them of the opportunity to knowingly and intelligently invoke the privilege against self-incrimination guaranteed by the Fifth Amendment, as incorporated against the states through the Fourteenth Amendment.

25. That the use of statements obtained during custodial interrogation without Miranda warnings—even if never introduced at trial—inflicted independent constitutional harm by prolonging unlawful detention and violating clearly established rights.

26. That Plaintiff Demarie M. Chapman was, at all relevant times, a minor child; as such, he was entitled to heightened protections under the United States Constitution and Michigan law during his interaction with law enforcement.

27. That the United States Supreme Court has repeatedly recognized that minors are more vulnerable to coercion, less likely to understand their rights, and more likely to submit to police authority. *J.D.B. v. North Carolina*, 564 U.S. 261, 272 (2011) ("children generally are less mature and responsible than adults; they often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them").

28. That when evaluating whether a minor is in "custody" for Miranda purposes, courts must consider age as a relevant factor. Id.
29. That despite these heightened protections, Defendants failed to provide Miranda warnings to Demarie, a minor, before subjecting him to custodial interrogation. Defendants also failed to ensure the presence of a parent, guardian, or attorney during questioning.
30. That as a result, Demarie was especially vulnerable to coercion, intimidation, and psychological harm, and suffered constitutional injuries including loss of liberty, emotional distress, humiliation, and violation of his rights under the Fifth and Fourteenth Amendments.
31. That Defendants' failure to provide Miranda warnings to Plaintiff Chapman, a minor, violated clearly established constitutional law.
32. That In *In re Gault*, 387 U.S. 1, 55–56 (1967), the Supreme Court held that minors are entitled to the "essential requirements of due process and fair treatment" in custodial and adjudicative proceedings, including notice of charges, right to counsel, right to confrontation, and privilege against self-incrimination.
33. That the Court in *J.D.B. v. North Carolina*, 564 U.S. 261 (2011), specifically held that a juvenile's age is relevant to the Miranda custody analysis because children are more likely to feel compelled to submit to police questioning.

34. That by denying Chapman his constitutional protections as a minor, Defendants engaged in conduct that was objectively unreasonable and in reckless disregard of his federally protected rights.
35. That the Defendants initiated an investigatory stop of Plaintiffs without probable cause or reasonable suspicion of criminal activity.
36. That the stated justification — that Plaintiffs were "walking with a purpose" — does not constitute a specific, articulable fact that would reasonably warrant suspicion of criminal conduct.
37. That Defendants lacked any legal basis to seize Plaintiffs under the Fourth Amendment. The stop was arbitrary, pretextual, and motivated by impermissible factors.
38. That Plaintiffs were immediately treated as if engaged in criminal activity, despite engaging in innocent pedestrian conduct on a public sidewalk.
39. That the stop escalated into a custodial detention and arrest, compounding the constitutional violations stemming from the unlawful seizure.
40. That Defendants violated Plaintiffs' clearly established rights under the Fourth Amendment by conducting a stop and seizure without reasonable suspicion or probable cause.
41. That the Supreme Court has held that temporary investigatory stops must be justified by "specific and articulable facts" creating a reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968).

42. That the mere presence in public or walking in a particular manner does not provide reasonable suspicion. See *Brown v. Texas*, 443 U.S. 47, 52 (1979) (officers violated the Fourth Amendment when they stopped and demanded identification from a man simply because he was in an alley in a high-crime area).

43. That, similarly, in *Delaware v. Prouse*, 440 U.S. 648, 663 (1979), the Court held that discretionary stops without reasonable suspicion are unconstitutional.

44. That the stop of Plaintiffs was based only on vague, subjective impressions rather than objectively reasonable suspicion of crime, in violation of established Fourth Amendment precedent.

45. That because the initial stop was unconstitutional, all subsequent detention, handcuffing, interrogation, and arrest were unlawful under the "fruit of the poisonous tree" doctrine. See *Florida v. Royer*, 460 U.S. 491, 507–08 (1983) (plurality opinion).

46. That Defendants' unlawful stop proximately caused Plaintiffs' loss of liberty, humiliation, emotional distress, and deprivation of constitutional rights.

47. That Defendant City of Highland Park is liable under 42 U.S.C. § 1983 because the constitutional violations committed by Sergeant Smith, Officer Richardson, and Officer Ocha were the result of policies, practices, or customs maintained by the City, or the City's deliberate indifference in training, supervising, and disciplining its police officers.

48. That a municipality may not be held liable under § 1983 on a theory of respondent superior, but it is liable where the constitutional injury was inflicted pursuant to a government policy, custom, or practice. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).

49. That liability may also be imposed when a municipality's failure to train or supervise its officers amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989).

50. That the Highland Park Police Department has a custom and practice of stopping and detaining individuals without reasonable suspicion or probable cause, particularly young men and minors of color, under vague pretexts such as "walking with a purpose."

51. That the City has failed to implement adequate policies to prevent unlawful stops, excessive force, denial of Miranda rights, and custodial interrogation of minors without parental or legal representation.

52. That the City has further demonstrated deliberate indifference by failing to discipline officers for unconstitutional stops and seizures, thereby tacitly authorizing and encouraging such misconduct. See *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (municipal liability arises when policymakers' deliberate conduct is the moving force behind the injury).

53. That the Plaintiffs' injuries were directly and proximately caused by the policies, practices, and customs of the City of Highland Park, and by its

failure to adequately train, supervise, and discipline its officers in compliance with constitutional standards.

### Count I – Unlawful Stop, Search, and Seizure (42 U.S.C. § 1983; Fourth Amendment)

54. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count II – False Arrest and False Imprisonment (42 U.S.C. § 1983; Fourth and Fourteenth Amendments)

55. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count III – Excessive Force (42 U.S.C. § 1983; Fourth Amendment)

56. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count IV – Denial of Due Process (42 U.S.C. § 1983; Fourteenth Amendment)

57. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count V – Municipal Liability (Monell Claim Against City of Highland Park)

58. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count VI – Assault and Battery,

59. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count VII – False Arrest

60. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count VIII – False Imprisonment.

61. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count IX – Gross Negligence

62. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

### Count X – Violation of Michigan Constitution, Art. 1, § 11 (Unreasonable Search and Seizure)

63. Plaintiffs reallege and incorporate all preceding paragraphs.

64. Article 1, § 11 of the Michigan Constitution provides that: *"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures."*

65. Defendants unlawfully stopped, detained, and arrested Plaintiffs without probable cause or reasonable suspicion.

66. By driving onto a public sidewalk, blocking Plaintiffs' path, drawing a weapon, and detaining them for "walking with a purpose," Defendants violated Plaintiffs' rights under Art. 1, § 11.

67. As a direct and proximate result, Plaintiffs suffered loss of liberty, humiliation, emotional distress, and other damages.

### Count XI – Violation of Michigan Constitution, Art. 1, § 17 (Due Process; Self-Incrimination)

68. Plaintiffs reallege and incorporate all preceding paragraphs.

69. Article 1, § 17 provides: *"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law."*

70. Defendants denied Plaintiffs due process by:
   a. Detaining them without lawful cause;
   b. Subjecting them to custodial interrogation without Miranda warnings;
   c. Denying them access to a telephone or legal counsel.

71. Defendants' conduct compelled Plaintiffs to act as witnesses against themselves and deprived them of liberty without due process of law, in violation of Art. 1, § 17.

### 72. Count XII-Violation of Michigan Constitution, Art. 1, § 20 (Right to Counsel, Rights of the Accused)

73. Plaintiffs reallege and incorporate all preceding paragraphs.

74. Article 1, § 20 provides: *"In every criminal prosecution, the accused shall have the right...to have the assistance of counsel for his or her defense."*

75. Defendants subjected Plaintiffs to custodial interrogation while denying them the assistance of counsel.

76. These violations are especially egregious as to Plaintiff Chapman, a minor, because no parent, guardian, or attorney was present during questioning.

77. As a direct and proximate result, Plaintiffs suffered loss of liberty, intimidation, and emotional harm.

## Count XIII-Violation of Michigan Constitution, Art. 1, § 2 (Equal Protection; Discrimination) (plead if evidence supports racial/profiling claim)

78. Plaintiffs reallege and incorporate all preceding paragraphs.

79. Article 1, § 2 provides: *"No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color, or national origin."*

80. Plaintiffs are African American (insert if true / amend if necessary).

81. Defendants targeted and detained Plaintiffs without probable cause or reasonable suspicion, and justified the stop under the vague pretext of "walking with a purpose."

82. On information and belief, Defendants' actions reflect a pattern and practice of racially discriminatory policing by the Highland Park Police Department.

83. Defendants' conduct denied Plaintiffs equal protection of the laws and subjected them to discrimination on the basis of race and/or perceived identity, in violation of Art. 1, § 2.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against each Defendants, awarding compensatory damages, punitive damages, attorney fees, costs pursuant to 42 U.S.C. § 1988 and any other relief the Court deems just and proper.

Respectfully submitted by,

By: /s/ William Otis Culpepper
W. Otis Culpepper (P23520)
Attorney for Plaintiff
615 Griswold Street, Suite 1325
Detroit, MI 48226
(313) 963-5310

Dated: August 21, 2025